UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| VINCENTE ANDERSON, ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | No.: 16-cv-1427-JBM |
| ) | |
| McLEAN COUNTY SHERIFF et. al., ) | |
| ) | |
| **Defendants.** ) | |

## MERIT REVIEW ORDER

Plaintiff, proceeding pro se, pursues a § 1983 action against the McLean County Sheriff, and McLean County Jail Sergeants McCormick and Frank. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff alleges that on February 25, 2016, Sergeant McCormick subjected him to unconstitutional conditions of confinement when he instructed officer Travis Howard to strip search Plaintiff in the Jail booking bathroom which was dirty and smelly. He also claims that "utensils" in the Jail are filthy and have caused Plaintiff to develop bumps in his mouth and a rash around his mouth. Plaintiff alleges that he complained about the dirty utensils to the Sheriff

1

and to Defendant McCormick and they told him to "deal with it". Plaintiff claims that Sgt. Frank responded to his grievances by telling him not to write any more grievances.

Plaintiff is presumed to be a pre-trial detainee whose § 1983 claim is reviewed under the Due Process Clause of the Fourteenth Amendment which applies the same "cruel and unusual punishment" standard as that under the Eighth Amendment. *Zentmyer v. Kendall County, Ill.,* 220 F.3d 805, 810 (7th Cir. 2000). *See Washington v. LaPorte Cnty. Sheriff's Dep't*, 306 F.3d 515, 517 (7th Cir. 2002) ("[t]he protections for pre-trial detainees are 'at least as great as the Eighth Amendment protections available to a convicted prisoner', and we frequently consider the standards to be analogous." ) (Internal citations omitted).

Plaintiff alleges inhumane conditions of confinement as to the dirty booking bathroom and dirty "utensils", presumably eating utensils. For constitutional liability to attach, the conditions of confinement must amount to extreme deprivation. This is so, "[b]ecause routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society', only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (internal citations omitted). Conditions which are "restrictive and even harsh" do not reach this standard. *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981).

Plaintiff does not indicate how long he was in the dirty bathroom while being strip-searched and offers nothing to suggest that he was there for a prolonged period. While being placed in a dirty bathroom would be unpleasant, mere inconvenience and discomfort do not implicate the Constitution. *See Caldwell v. Miller*, 790 F.2d 589, 601 (7th Cir. 1986). *See also*, *Jihad v. Wright*, 124 F.3d 204 at *2 (7th Cir. 1997) ("it is well-settled that conditions which are temporary and do not result in physical harm are not actionable under the Eighth Amendment.")

2

As to the claims regarding dirty eating utensils, "[n]ot all prison conditions trigger Eighth Amendment scrutiny—only deprivations of basic human needs like food, medical care, sanitation, and physical safety." *Thomas v. Cox*, 10-CV-997-GPM, 2011 WL 3205660, at *2-3 (S.D. Ill. July 27, 2011) (internal citations omitted). To establish a Constitution violation Plaintiff must assert, objectively, that the conditions exceeded the contemporary bounds of decency of a mature, civilized society. *Lunsford v. Bennett*, 17 F.3d 1574, 1579 (7th Cir. 1994) (internal citation omitted). He must also assert, subjectively, a "minimum intent requirement," that defendants had "actual knowledge of impending harm easily preventable." *Id.* at 1580. *See Merritt v. Williams*, 11-706, 2012 WL 3582751, at *10 (S.D. Ill. Aug. 20, 2012) ("the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference.") (internal citations omitted).

The Court finds Plaintiff fails to adequately plead the objective component as dirty eating utensils do not deprive one of basic human needs. *See Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988)(ten days in a segregation unit without toilet paper, toothbrush or toothpaste in a "filthy, roach-infested cell" did not constitute cruel and unusual punishment). Plaintiff also fails to plead the subjective component as he does not allege that the Sheriff or Sergeant McCormick had actual knowledge that the allegedly dirty eating utensils would cause Plaintiff harm. *See Lunsford* at 1580.

Plaintiff claims that Sgt. Frank responded to his grievances by telling him to stop filing grievances. Here, Plaintiff fails to state a claim as there is no constitutional right to a grievance procedure. *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Furthermore, prison officials incur no § 1983 liability for denying grievances. "[T]he alleged mishandling of grievances by persons who otherwise did not cause or participate in the underlying conduct states

no claim." *Owens v. Hinsley,* 635 F.3d 950, 953 (7th Cir. 2011). While Defendant Frank could potentially be liable if he violated Plaintiff's First Amendment rights by retaliating for his filing grievances, Plaintiff makes no such claim.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile as the facts are not sufficient to allege First or Eighth Amendment violations. This case is therefore closed. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

2) This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g). The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.

3) Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

4) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

4/28/2017                  s/Joe Billy McDade
ENTERED               JOE BILLY McDADE
                          UNITED STATES DISTRICT JUDGE